# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER REGINALD WRIGHT,

    Defendant.

2:05-cr-00377-RCJ-LRL

**MOTION TO DISMISS SUPERSEDING INDICTMENT (#63)**

## REPORT & RECOMMENDATION

The defendant claims that the Superseding Indictment (#56), which was filed on September 27, 2006, is virtually identical to the original Indictment (#1), except that a different judge has been assigned to the case. The defendant therefore draws an inference that the Superseding Indictment was merely a means by which the government engaged in improper "judge shopping." He now asks that the Superseding Indictment be dismissed.

The court notes preliminarily that there has been no change in the judges assigned to this case. District Judge Jones and the undersigned Magistrate Judge were originally assigned, and remain assigned, to this case. The defendant does not articulate precisely why he believes a different judge has been assigned to this case. The court can only surmise that the defendant's belief stems from the fact that his arraignment on the Superseding Indictment was before Magistrate Judge Johnston. The defendant's counsel, who does not practice regularly in the District of Nevada, may not be aware that the magistrate judges who preside over the Arraignment and Plea Calendar rotate on a weekly basis, irrespective of the cases that come before them. The rotation has no relationship to the random assignment of district and magistrate judges to individual cases. Indeed, the case number of the

1  Superseding Indictment reflects that the judges assigned to the Superseding Indictment are the same
2  judges who were assigned to the original Indictment.
3      The only change reflected in the Superseding Indictment relates to the quantity of the cocaine
4  the defendant is alleged to have possessed.  The government explains that the original Indictment
5  alleged an approximate quantity based on the gross weight of the mixture.  After lab analysis, the
6  government refined its charge by alleging the exact quantity of cocaine in the Superseding Indictment.
7  There has been no "judge shopping."

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that defendant's Motion to Dismiss the Superseding Indictment (#63) should be denied.

DATED this 14th day of November, 2006.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**