# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:05-CR-00377-RCJ-NJK |
| vs. | **ORDER** |
| PETER REGINALD WRIGHT, | |
| Defendant. | |

On October 22, 2019, this Court found defendant guilty of violating the conditions of his supervised release, so it revoked his supervised release and sentenced him to twelve months of imprisonment. (ECF No. 279.) It then issued its judgment December 5, 2019. (ECF No. 289.) On January 6, 2020, Defendant submitted a filing, which this Court construed to be a notice of appeal. (ECF No. 291.) The Ninth Circuit found this notice of appeal untimely and remanded to this Court "for the limited purpose of permitting [Defendant] an opportunity to request that the time for filing the notice of appeal be extended" by showing "excusable neglect or good cause." (ECF No. 295.)

This Court issued an Order providing Defendant thirty days from receipt of it to file a motion seeking an extension of time by showing excusable neglect or good cause. (ECF No. 304.)[1]

---

[1] The Court first issued this Order on March 16, 2020. (ECF No. 302.) After that Order was returned "mail undeliverable," the Court issued a second, identical Order to Defendant's new address. (ECF No. 304.)

1 of 3

Defendant did not file any motion in response to this Order, but rather filed a "notice" stating that he received the Order on April 12, 2020. (ECF No. 308.) In the notice, he does not make any argument or provide any evidence in regard to excusable neglect or good cause—instead, he argues a previous filing constituted a notice of appeal. (*Id.*) He specifically points to ECF No. 281, which he titled "Materiality Requirement Motion" and filed with this Court on October 30, 2019. (ECF No. 308.) This filing would have been a timely notice of appeal if it were one—but it is not such a notice. *See* Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.").

A notice of appeal "must identify each appellant; 'designate the judgment, order, or part thereof being appealed'; and 'name the court to which the appeal is taken.'" *West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017) (internal citations omitted) (quoting Fed. R. App. P. 3(c)(1)). Courts may nonetheless "disregard irregularities in the form or procedure for filing a notice of appeal." *Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978) (quoting *Cobb v. Lewis*, 488 F.2d 41, 44 (5th Cir. 1974)). Accordingly, "documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time period otherwise provided by [Fed. R. App. P. 4]." *Id.*

Applying this standard, the Ninth Circuit has found the following documents to demonstrate an intent to appeal: a letter sent to the circuit requesting relief, *Brannan v. United States*, 993 F.2d 709, 710 (9th Cir. 1993); an opening appellate brief, *Allah v. Superior Court of State of Cal., Los Angeles Cty.*, 871 F.2d 887, 889 (9th Cir. 1989); a stipulation and motion requesting that record and briefs be transferred to a new appeal, *Rabin v. Cohen*, 570 F.2d 864, 867 (9th Cir. 1978).

Assuming, *arguendo*, this issue is before this Court, it declines to treat ECF No. 281 as a notice of appeal because Defendant failed to evince such an intent to appeal in the document. Defendant filed ECF No. 281 with this Court, and the filing's entire body reads verbatim:

> "Materiality Requirement Motion."
> The evidence is material only if there is a reasonable, probability, that had the evidence been disclosed to, the defense, the result of the proceeding is a probability sufficient to undermine confidence in the outcome. *U.S. vs. Bagley*, 437 U.S. 667 (1985)
> Rule 3. The complaint is a written statement of the essential facts, constituting, the offense charged
> Rule 47. (a)(b)(c) Audio and Video Recordings.
> This is a miscarriage of justice.

There is nothing in this document "showing that [Defendant] intended to appeal." *Rabin*, 570 F.2d at 866. Accordingly, the Court does not treat ECF No. 281 as a notice of appeal. The Court also declines to extend the time for filing a notice of appeal because Defendant presents no evidence or argumentation in support of a finding of excusable neglect or good cause.

## CONCLUSION

IT IS HEREBY ORDERED that the time to file a notice of appeal will not be extended.

IT IS FURTHER ORDERED that the clerk shall serve this Order as well as ECF Nos. 281, 302, 304, and 308 to United States Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED that the clerk shall serve this Order to Defendant at the following address: Peter R. Wright, 1615 Irving Ave. N., Minneapolis, MN 55411.

IT IS SO ORDERED.

Dated June 5, 2020.

_____
ROBERT C. JONES
United States District Judge