# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:05-CR-00377-RCJ-NJK |
| vs. | **ORDER** |
| PETER REGINALD WRIGHT, | |
| Defendant. | |

Following revocation of his supervised release, Defendant challenges this Court's jurisdiction to issue criminal convictions, requests credit for time served, moves for status checks, and filed a "motion" without a request. All of these motions are flawed, and the Court denies them.

**I.      Motion for Materiality Requirement**

In his first submission, Defendant filed what he titled "Materiality Requirement Motion" in which he provides a definition of materiality and alleges a vague "miscarriage of justice." (ECF No. 281.) However, under Federal Rule of Civil Procedure 7(b)(1), a motion must make a request to the Court, and Defendant makes no request in this filing. Accordingly, the Court denies it.

**II.     Letter Rogatory**

Defendant submitted a document with the title "Letter Rogatory for Relief Under the Hague Convention Title 18 § 1781," requesting that his "name be cleared of this alleged 'criminal case.'"

(ECF No. 282.) Defendant asserts "sovereign citizen" arguments claiming that the Court does not have jurisdiction to issue criminal convictions. (*See Id.* at ¶ 13 ("All 'criminal' cases not heard in an Article 3 court (District Court of the United States) are really civil, however, the courts again commit fraud by labeling the case as criminal.") Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to . . . derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). As the Court previously warned at the hearing on September 17, 2019, these arguments are not persuasive.

Nonetheless, the Court does not reach the merits of these contentions since they are procedurally defective. A letter rogatory, also known as a letter of request, is "[a] document issued by one *court* to a *foreign court*." Black's Law Dictionary (9th ed. 2009). Regardless of whether Defendant recognizes this Court or labels it a "tribunal operated as a private corporation," (ECF No. 282 at ¶ 2), he is not a court himself, therefore may not issue a letter rogatory. Additionally, letters rogatory are merely means for courts to acquire evidence from other countries—not to expunge criminal records. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2083 (3d ed. 1998). Hence, the Defendant cannot use a letter rogatory to expunge his convictions, and the Court denies the relief requested in Defendant's letter rogatory.

**III.   First Motion for Status Check**

Defendant requests this Court for a status update. (ECF No. 285.) While letters to the Court may be permitted "at the expiration of 90 days after any matter has been, or should have been fully briefed, if the court has not entered its written ruling," LR IA 7-1(a), the Court does not entertain motions for status checks. Therefore, the Court denies Defendant's request for a status update.

**IV.   Motion for Credit for Time Served**

Defendant requests that this Court grant him credit towards his sentence under 18 U.S.C. § 3585(b) for time served while he was in custody awaiting the hearing on revocation of supervised

release. However, the Court lacks jurisdiction to issue such an order. Rather, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, (1992) (citing 18 U.S.C. § 3621(a)). Accordingly, the Attorney General makes such a "determination as an administrative matter when imprisoning the defendant." *Id.* Thus, the Court denies Defendant's request for lack of jurisdiction.

## V.     Motion for Adjustment of Time Credit Under 18 U.S.C. § 3585 and First Step Act

Defendant filed a motion "to move the B.O.P. to adjust the time credit contributed to this case." (ECF NO. 298 at 1.) While he filed the motion with this Court, he asks that "this Bureau please consider it's [sic] adjustments and release defendant as the calculations would suggest." (*Id.* at 3.) He claims that because of the First Step Act he is entitled to 130 months of time credit towards his sentence, but it unclear on what grounds he claims to be entitled to such relief and whether he seeks relief from this Court or the BOP. Thus, the Court denies this motion.

## VI.    Second Motion for Status Check

Lastly, Defendant moves the Court to provide a status check on his pending motions. The Court denies this motion for the same reasons as Defendant's first motion requesting a status check.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Materiality Requirement Motion (ECF No. 281) is DENIED.

IT IS FURTHER ORDERED that Defendant's Letter Rogatory Requesting Relief (ECF No. 282) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion Requesting Status Update (ECF No. 285) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Credit for Time Served (ECF No. 290) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Adjustment of Time Credit Pursuant to 18 USC § 3585 and First Step Act (ECF No. 298) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion Requesting Status Update (ECF No. 299) is DENIED.

IT IS FURTHER ORDERED that the clerk shall serve this order to the following address: 1615 Irving Ave. N., Minneapolis, MN 55411.

IT IS SO ORDERED.

Dated November 30, 2020.

_____
ROBERT C. JONES
United States District Judge