UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER REGINALD WRIGHT,<br><br>Defendant. | 2:05-cr-00377-RCJ-NJK<br><br>**ORDER** |

Pending before the Court is Defendant Peter Reginal Wright's[1] motion requesting return of his cash bond and termination of garnishment of his tax refunds under the Treasury Offset Program ("TOP"). (Dkt. 324). Wright has also provided the Court with two letters[2] entitled "motion" stating that he is willing to make monthly payments towards the remaining balance of the fines imposed by his sentence, (*see* Dkt. 152); (Dkt. 289). (Dkt. 331). (Dkt. 333). The Court denies as moot Wright's motion, (Dkt. 324), and denies the request in Wright's letters, (Dkt. 331); (Dkt. 333).

In September 2008, the Court issued a judgment imposing a $25,000 fine on Wright. (Dkt. 152 at 5). When Wright's probation was revoked in December 2019, he still owed an outstanding

---

[1] Wright is acting pro se in this matter, and the Court has "an obligation to give a liberal construction to the filings of pro se litigants" in this circuit. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).
[2] The government has not filed a response to the letters.

balance on his fine of $21,025.69. (Dkt. 289 at 4). The balance was to be due immediately in accordance with the Court's special instructions allowing him to pay the fine "at a rate of 50% of any institutional wages" while incarcerated. (*Id.* at 5). As a result of Wright's delinquency in paying his criminal fines, the government diverts Wright's federal income tax refunds under the TOP. (Dkt. 326 at 2). As to his bond, in June 2020, the Court issued an order exonerating the bond, (Dkt. 314), which has been released to Wright's attorney in this matter. (*See* Dkt. 326 at 1).

As Wright's bond has already been exonerated by the Court and returned to his attorney, that issue is moot. Regarding the diversion of his tax refunds under the TOP, Wright has provided no authority—and the Court is not aware of any such authority—that it can modify the Secretary of the Treasury's decision to offset his tax refund under his TOP authority. *See Greene v. United States*, 124 Fed. Cl. 636, 643 (2015); *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Lastly, the offer in Wright's letters to repay his fine inconsistent with the terms of the Court's judgment in exchange for termination of the garnishment is rejected by the Court because his "request to modify his payment schedule," *United States v. Duck*, 774 Fed. App'x 1039, 1041 (9th Cir. 2019), is not supported by any "material change in [his] economic circumstances." 18 U.S.C. § 3572(d)(3). Neither can the Court modify the payment schedule pursuant to 18 U.S.C. § 3573 because that statute can only be invoked upon petition of the government. *United States v. Morales*, 328 F.3d 1202, 1205 (9th Cir. 2003). Wright's request is also faulty because it is premised on an assumption that the Court has authority to terminate the TOP garnishing, an assumption for which the Court has no support. Finally, the Court cannot vacate or reduce monthly payments on the fine pursuant to Fed. R. Crim. P. 35(a) because jurisdiction to do so is lost seven days after sentencing. *Morales*, 328 F.3d at 1204.

**CONCLUSION**

IT IS HEREBY ORDERED that Wright's motion, (Dkt. 324), is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Wright's letters, which the Court will construe as motions, (Dkt. 331) (Dkt 333), are **DENIED**.

IT IS SO ORDERED.

Dated October 12, 2023.

                                                  _____
                                                                ROBERT C. JONES
                                                          United States District Judge