UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PETER REGINALD WRIGHT, )<br>)<br>Defendant. )<br>) | Case No. 2:05-cr-00377-RCJ-NJK<br><br>ORDER |

Pending before the Court are Defendant Peter Reginal Wright's Motion re Repayment Monies Due, (Dkt. 337), and the Government's Petition for Partial Remission of Interest on Defendant's Fine, (Dkt. 341). For the following reasons, the Court terminates Wright's motion as moot, (Dkt. 337), and grants the Government's petition, (Dkt. 341). Accordingly, the interest on Wright's fine is remitted in the amount of $5,604.56. As of the date of this order, the outstanding balance on Wright's fine is $15,768.00.

**I.   Background**

In September 2008, the Court issued judgment against Wright and imposed a $25,000 fine on him. (Dkt. 152 at 5). In December 2019, when the Court revoked Wright's probation, the revocation judgment reflected an outstanding balance on his fine of $21,025.69. (Dkt. 289 at 4). Then, in September 2023, Wright filed a letter asking the Court to explain why he had received a debtor statement from the Department of Justice ("DOJ") indicating that he still owed $23,406.14 on his fine. (Dkt. 335 at 4). In an order on the motion, the Court recognized this unexplained

discrepancy between the 2019 revocation judgment and 2023 debtor statement and, in an effort to resolve the discrepancy, ordered "the Clerk of the Court to provide a copy of Mr. Wright's letter [] along with a copy of [the] order to U.S. Attorney Jason Frierson[.]" (Dkt. 336 at 2). Mr. Frierson has now responded and explains that "the revocation judgment did not include the interest that had accumulated from the date the judgment was entered in 2008," so "[t]he discrepancy between the outstanding balance listed in the 2019 revocation judgment and the balance listed in the 2023 debtor statement is therefore due to interest that has accumulated on the fine." (Dkt. 341 at 2–3).

## II.   Wright's Motion

In his motion, Wright asks the Court to "check on [his] court fine" and clarify a number of issues. (Dkt. 337 at 1). First, he asks the Court to determine "why [he] owe[s] $23,000 on the fine[.]" (*Id.*). As Mr. Frierson's petition explains, the outstanding balance reflected in the 2023 debtor statement was correct as of September 30, 2023, resulting from interest accrued pursuant to federal law. (Dkt. 341 at 2–3); 18 U.S.C. § 3612(f)(1) (requiring that a "defendant shall pay interest on any fine or restitution of more than $2,500 …"); *see also United States v. Vigil*, 727 F. Supp. 2d 1139, 1145 (D.N.M. 2010) (explaining that a judgment need not expressly state the amount of interest for interest to accrue).

Next, Wright's motion asks the Court to "tell [him] why the [DOJ] write[s] [him] letters to collect a court fine." (Dkt. 337 at 1). The answer to this question is that federal law provides that "[t]he Attorney General shall be responsible for collection of an unpaid fine or restitution" issued by a court judgment. 18 U.S.C. § 3612(c); *see also* 18 U.S.C. § 3613(a). Thus, the DOJ is the entity responsible for collecting Wright's court fine and their letters are, therefore, proper. Similarly, he asks why the DOJ has taken certain actions such as contacting his former employer

and monitoring his credit report, (Dkt. 337 at 1), and the answer is because the "fine imposed" on Wright by this Court's judgment is, under federal law, "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c).

Lastly, Wright asks what "[t]he statute of limitation[s] [is] on a court fine[.]" (Dkt. 337 at 1). Prior to the Comprehensive Crime Control Act of 1984 "no time limits existed on the government's efforts to collect criminal fines," *United States v. Jones*, 2010 WL 2044679, at *2 (E.D. Cal. May 20, 2010). But, today, "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b); *see also Jones*, 2010 WL 2044679, at *2 (explaining the history and effect of the collection scheme enacted as part of the Comprehensive Crime Control Act of 1984, which was "patterned on successful collection practices used by the Internal Revenue Service"). According to congressional reports, the collection scheme first enacted in 1984[1] was passed on the basis that "it seems reasonable to conclude that if a debtor is pursued unsuccessfully for the twenty-year period, it is unlikely that additional enforcement efforts would prove fruitful." *Jones*, 2010 WL 2044669, at *2 (quoting H.R. Rep. No. 98–1030 and H.R. Conf. Rep. 98–1159, *reprinted in* 1984 U.S.C.C.A.N. at 3320) (cleaned up). Having resolved all of Wright's concerns, the Court terminates his motion.

---

[1] While the original limitations language enacted as part of the Comprehensive Crime Control Act of 1984 varied slightly from the modern limitations language in Section 3613(b), the change does not alter the reasoning behind the collection scheme. *See Jones*, 2010 WL 2044669, at *3. The 1996 amendment, which resulted in today's limitation language, was passed as part of a larger effort "to consolidate and strengthen the procedures for collecting unpaid restitution and fines." *Jones*, 2010 WL 2044669, at *3 (citing H.R. Conf. Rep. No. 104–518, *reprinted in* 1996 U.S.C.C.A.N. at 925).

### III. The Government's Petition

Pursuant to 18 U.S.C. § 3573(1), the Government asks the Court "to remit part of the interest that has accrued on the Defendant's fine." (Dkt. 341 at 1). Section 3573 provides that "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties." 18 U.S.C. § 3573(1) (cleaned up); *see also United States v. Morales*, 328 F.3d 1202, 1205 (9th Cir. 2003); *United States v. O'Connor*, 321 F. Supp. 2d 722, 728 (E.D. Va. 2004) (granting the Government's request to remit a special assessment pursuant to Section 3573 was "in the interest of justice" because the defendant possessed "insufficient assets," because reasonable collection efforts were "not likely to be successful," and further collection "would not serve to benefit the victims of the offense"); *United States v. Rosin*, 2010 WL 454933, at *6 (M.D. Fla. Feb. 9, 2010).

The Government asserts that, as of January 23, 2024, the total outstanding balance on Wright's fine, including interest, is $21,372.56. (Dkt. 341 at 3). That balance reflects the remaining principle of $15,768.00 and accumulated interest in the amount of $5,604.56. (*Id.*). Since the fine was imposed, Wright's payments towards the fine come to a total of $9,332.00.[2] (*Id.*); (*see generally* Dkt. 341-1). In addition, the Court notes that, due to delinquency in payment of the fine, Wright's tax refunds have been garnished under the Treasury Offset Program. (Dkt.

---

[2] Wright's pending motion asserts, without evidentiary support, that has paid $12,000.00 on the fine—not $9,332.00. (Dkt. 337 at 1). In previous motions, Wright states that he has paid "about $10,000.00" on the fine. (Dkt. 331 at 1); (Dkt. 333 at 1). Considering the Government's exhibits filed in support of their petition, (*see* Dkt. 341-1), the Court is satisfied that $9,332.00 is an accurate assessment of Wright's total payments toward the fine. Moreover, any potential inaccuracy is alleviated by the Court's decision to remit the amount due on Wright's fine in the amount of $5,604.56.

334 at 1). Based on these circumstances, the Government asks the Court to "remit the interest currently due on Wright's fine in the amount of $5,604.56 and confirm in an order that as of January 23, 2024, the outstanding balance on Wright's fine is $15,768.00, with interest to begin accruing on the date of this Court's order[.]" (Dkt. 341 at 3).

The Court agrees that it is in the interest of justice to "resolve the discrepancy between the revocation judgment and the debtor statement in Wright's favor," and that granting of the Government's request would "avoid further confusion regarding the amount owed[.]" (*Id.*). Collection efforts thus far have resulted in unnecessary confusion and would be more effective with this clarification. Moreover, it is evident from the garnishment of Wright's tax refunds that lack of funds have impacted his ability to pay the fine. Lastly, collection of the accrued interest would not serve to benefit the victims of Wright's crime.[3] For these reasons, the Court grants the Government's petition and remits the interest currently due on Wright's fine pursuant to 18 U.S.C. § 3573(1).

---

[3] Wright's underlying indictment from 2004 is for one charge of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii). (*See* Dkt. 1).

**CONCLUSION**

IT IS HEREBY ORDERED that Wright's Motion re Repayment Monies Due, (Dkt. 337), is **TERMINATED AS MOOT**.

IT IS FURTHER ORDERED that the Government's Petition for Partial Remission of Interest on Defendant's Fine, (Dkt. 341), is **GRANTED**.

IT IS FURHTER ORDERED that the interest currently due on Wright's fine is remitted in the amount of $5,604.56.  The outstanding balance on Wright's fine is presently $15,768.00, with interest to begin accruing on this date in accordance with 18 U.S.C. § 3612(f)(1).

IT IS SO ORDERED.

Dated  March 20, 2024.

_____
ROBERT C. JONES
United States District Judge